EXHIBIT A

# CONTRACT FOR SALE OF BUSINESS

THIS AGREEMENT is made on December 14, 2003, between PETER KAI CHUEN CHIU and RITA SHUET KUEN CHIU (hereinafter referred to as "Seller") and WILFRED LEUNG and AMY W. LI, husband and wife, and PETER YAO LIANG and LAI HUNG LI, husband and wife (hereinafter referred to as "Buyer").

## RECITALS:

Seller is the owner of a restaurant business known as NEW CHINA RESTAURANT (hereinafter referred to as "the business"), located at 2265 Cleveland Avenue, City of Santa Rosa, County of Sonoma, State of California. Seller desires to sell the business, the name of the business ("NEW CHINA RESTAURANT"), goodwill, covenant not to compete, equipment (as set forth in **Exhibit A** attached hereto and incorporated herein by this reference) and furniture (as set forth in **Exhibit A-1** attached hereto and incorporated herein by this reference), to Buyer and Buyer desires to purchase the said business, the name of the business ("NEW CHINA RESTAURANT"), goodwill, covenant not to compete, said equipment, and said furniture.

THEREFORE, Buyer and Seller agree as follows:

## PURCHASE AND SALE OF BUSINESS

1. Seller shall sell to Buyer, and Buyer shall purchase from Seller, on the terms and conditions set forth in this Contract, the following property:

    (a) All equipment set forth in **Exhibit A** attached hereto and incorporated herein by this reference;

    (b) All furniture set forth in **Exhibit A-1** attached hereto and incorporated herein by this reference;

    (c) Goodwill;

    (d) The business name - NEW CHINA RESTAURANT; and

    (e) Covenant not to compete.

2. It is understood and agreed that the cash, accounts receivable, accounts payable, all liabilities of the business, and all remaining assets and liability are not the subject of this sale. All liabilities not specifically assumed by Buyer herein remain the obligation of Seller, whether known or unknown, contingent or liquidated, including but not limited to salaries of Seller's employees, social security, taxes, and contributions are excluded from this purchase and are being retained by the Seller.

## PURCHASE PRICE ALLOCATION

3. (a) The total purchase price for all of the property described in Paragraph 1 of this Contract (hereinafter referred to as "purchase price") shall be ONE HUNDRED SEVENTY-SEVEN THOUSAND DOLLARS ($177,000.00), which does not include the value of the inventory determined in accordance with Paragraph 11.

(b) The purchase price shall be allocated as follows:

1. All equipment set forth in Exhibit A - value of Fifty Thousand Dollars ($50,000.00).

2. All furniture set forth in Exhibit A-1 - value of Fifty Thousand Dollars ($50,000.00).

3. Goodwill - value of Forty-Six Thousand Dollars ($46,000.00).

4. The name of the business - NEW CHINA RESTAURANT - value of One Thousand Dollars ($1,000.00).

5. Covenant not to compete within a five (5) mile radius (pursuant to Paragraph 15 herein) - value of Thirty Thousand Dollars ($30,000.00).

(c) Buyer and Seller each acknowledge that the amount of purchase price allocated to the assets in subparagraph (b) represents the fair market value of the assets, determined pursuant to arm's-length negotiation. Buyer and Seller are aware that there are numerous requirements in order to obtain certain tax benefits as to the Property being sold herein. Buyer and Seller warrant that they have had the opportunity to obtain independent counsel and Certified Public Accountant, that each has investigated and independently approved the other and all terms of this Agreement, and that each fully understands the terms of and has entered into this Agreement freely and voluntarily, based upon their independent investigation. Buyer and Seller each agree to report the sale of the business for income tax purposes according to the allocations set forth in subparagraph (b).

## PAYMENT OF PURCHASE PRICE

4. The purchase price set forth in Paragraph 3 shall be payable as follows:

(a) Seller acknowledges receipt of the sum of Ten Thousand Dollars ($10,000.00).

(b) On or before the date for closing of escrow specified in Paragraph 7 or on upon taking possession of the premises should possession occur before the close of escrow specified in Paragraph 7, Buyer shall deposit the sum of Ninety Thousand Dollars ($90,000.00) into escrow.

(c) The remaining sum of Seventy-Seven Thousand Dollars ($77,000.00) shall be evidenced by a Promissory Note secured by the personal property in **Exhibit A** and **Exhibit A-1**, all as set forth in a Collateral Security Agreement to be executed by the parties hereto, as well as the filing of a UCC-1 Security form.

## SELLER'S WARRANTIES REGARDING BUSINESS

5. Seller hereby warrants and represents to Buyer that:

(a) Seller is the sole owner of the business and assets sold herein, and no other entity and/or person has any interest, claim, lien, right, or title to, or interest in, the business or assets sold herein.

(b) Seller has paid, or prior to close of escrow on this purchase shall pay, all taxes owed by Seller on account of the business. However, non-payment for good cause will not prevent escrow from closing.

(c) Seller shall indemnify and hold Buyer, and Buyer's property, free and harmless from any and all claims, losses, damages, injuries, liabilities and obligations arising from Seller's operation of the business.

(d) Seller shall maintain and repair all equipment set forth in **Exhibit A** for a period of thirty (30) days from Buyer's possession.

## COMPLIANCE WITH BULK SALES LAW

6. The purchase and sale of the business shall be conducted in full compliance with the requirements of the Bulk Sales Division of the California Commercial Code.

(a) Seller and Buyer shall instruct the Escrow Agent to prepare a Notice of Bulk Sale and obtain Buyer's signature on the same in accordance with Commercial Code Section 6105. Said Notice shall be recorded and published and mailed to the County Tax Collector pursuant to Commercial Code Section 6105(b).

## CLOSING

7. The sale and purchase shall be closed in a timely manner, when all of the conditions hereinafter set forth have been satisfied and all documents prepared by the Escrow Agent and any other relevant documents to the sale have been executed.

(a) Buyer is granted all business, licenses and permits necessary to Buyer's operation of the business at the business premises.

(b) Buyer and Seller have executed a Lease Agreement for the real property located at 2265 Cleveland Avenue, Santa Rosa, California.

The foregoing conditions are conditions precedent expressly for the benefit of Buyer and the failure of any of such conditions shall relieve Buyer of its obligations under this Agreement and entitle the Buyer to immediate return of Buyer's deposit. This agreement shall constitute irrevocable escrow instructions by Buyer and Seller as to the foregoing. As used in this Contract, "closing" means the passing of title to the property listed in Paragraph 1, from Seller to Buyer. The closing shall take place at the offices of the Escrow Agent, Chicago Title Company. However, if the amount of consideration deposited with the Escrow Agent is insufficient to pay in full all claims timely filed with Escrow Agent, closing may be delayed for a period of not less than twenty-five (25) days nor more than thirty (30) days after a notice to creditors is sent, in accordance with Commercial Code Section 6106.4. If escrow is not closed by March 1, 2004, this Contract shall be null and void unless extended in writing.

## CONTINUED OPERATION OF BUSINESS

8. Until closing, Seller shall continue to operate the business in the same manner as Seller has operated it in the past, unless Seller and Buyer executed a written agreement for Buyer's possession of the premises and operation of the business prior to the close of escrow.

## RISK OF LOSS

9. Until closing, Seller shall bear all risk of loss, injury, damage, or destruction of the business and the assets of the business. If any loss, injury, damage, or destruction substantially impairs the value of the business prior to the closing or taking possession by Buyer, Buyer may either terminate this Contract, or proceed to closing and receive an assignment of applicable insurance proceeds, if said insurance exists.

## PRORATIONS

10. Buyer and Seller shall prorate all of the following, on the basis of 30-day months, as of 12:01 a.m., Pacific time, on the date specified for the closing:

(a) All personal property taxes levied or assessed against any of the business assets subject to this Contract for the current tax year, based on the amount shown on the latest tax bill.

## INVENTORY

11. Buyer and Seller shall take a complete inventory of the food, beer and wine to be sold at the close of business on the day prior to closing, in the following manner:

    (a) Operation of the business will be suspended immediately prior to taking of the inventory and will remain suspended until after closing.

    (b) The inventory being transferred unto Buyer shall be set forth in writing, dated, and shall be signed by all parties and included in the inventory to be sold to Buyer under this Contract.

    (c) No item listed on the inventory shall be sold to any person other than Buyer.

    (d) Buyer shall pay Seller (prior to Buyer's possession of the business) for the food and liquor inventory in an amount which equals Seller's costs.

## APPOINTMENT OF ESCROW AGENT

12. FIDELITY TITLE COMPANY, whose offices are located at San Francisco, California, is hereby appointed escrow agent ("Escrow Agent") to conduct the purchase and sale of the business.

## ESCROW INSTRUCTIONS

13. Pursuant to escrow instructions to be drafted, the parties shall direct the Escrow Agent to distribute the deposited purchase price in the manner required by Business and Professions Code Section 24074.

## COSTS AND EXPENSES

14. Any and all sales tax resulting from the sale of any property set forth herein shall be paid by Buyer.

15. Seller shall bear the following costs and expenses:

    (a) The Escrow Agent's cost of drafting and recording all instruments necessary to convey the business;

    (b) The cost of recording and publishing the notices required by the Bulk Transfers Division;

    (c) The fees incurred by Thomas R. Passalacqua for drafting the subject Contract for Sale, the Lease and other documents, and review of escrow, which fees are anticipated to be approximately $2,000.00, as well as all other fees and costs of the escrow required for the transactions anticipated by this Contract and of the Escrow Agent identified herein.

## NON-COMPETITION AGREEMENT BY SELLER

16. In connection with the sale to Buyers of the goodwill of the business, Seller shall not, either directly or indirectly, carry on or engage in as an owner, manager, operator, employee, salesman, agent, consultant or other participant, of any similar business within five (5) miles of the business for a period of five (5) years from closing.

## ENTIRE AGREEMENT

17. This Contract constitutes the entire agreement between Buyer and Seller concerning their rights and obligations with respect to the sale and purchase of the business. Any agreements or representations respecting the business or the sale to Buyer not expressly set forth in this Contract shall have no effect, except for a subsequent written modification signed by the party to be charged.

## AMENDMENT OF CONTRACT

18. This Contract may be amended or modified at any time with respect to any provision by a written instrument executed by Buyer and Seller.

## ATTORNEY'S FEES

19. If Buyer or Seller brings any legal action or seeks arbitration regarding any provision of this Contract, the prevailing party in the litigation or arbitration shall be entitled to recover reasonable attorney's fees from the other party, in addition to any other relief that may be granted. This provision applies to the entire agreement.

## BUYER'S ACKNOWLEDGMENT

20. Buyer acknowledges the following:

    (a) A permit for the premises to be leased by Buyer from Seller was approved by the City of Santa Rosa for twenty-two (22) parking spaces, and allows for only three (3) patrons (chairs) per parking space, for a maximum of sixty-six (66) patrons (chairs).

    (b) The upstairs premises is not licensed for the sale of food or beverages, and shall be used for storage purposes only.

    (c) There presently exists problems within the flooring underneath the stove in the kitchen.

## PROPERTY TO BE SOLD AS-IS

21. Buyer is advised to take whatever means Buyer deems advisable without liability to

Seller, and or Seller's agents, attorney, or assigns, to have the property described in **Exhibit A** and **Exhibit A-1**, as well as the premises and equipment which Buyer is leasing from Seller, very carefully inspected for the purposes for which Buyer intends, and to make absolutely sure any and all conditions, concerns, and/or contingencies Buyer may have are satisfied. Buyer is advised that the Seller has not retained the services of any expert to investigate or examine the subject property(ies). Seller has made no independent inspection, representation, or warranty with respect to the physical condition of the property which is the subject of this Contract or the Lease of the premises which is referred to in Paragraph 7(b), or as to any part, aspect, or item hereof. Seller makes no express or implied warranty with respect to said property as to its condition or fitness for general or specific use. Seller urges Buyer to make all inspections and evaluations of the property Buyer deems necessary in determining the condition and fitness of the property. Seller is selling the subject property in its "AS-IS" condition, except for the warranty set forth in Paragraph 5(d). If Buyer is not willing to accept the property in its "AS-IS" condition, Buyer should NOT purchase the property.

## ARBITRATION

22. Any dispute arising under this Contract shall be settled by binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association, and judgment on the award rendered by the Arbitrator may be entered in any court having jurisdiction.

_____ [Seller's Initials]        _____ [Buyer's Initials]

_____ [Seller's Initials]        _____ [Buyer's Initials]

                                 _____ [Buyer's Initials]

                                 _____ [Buyer's Initials]

## NOTICES

23. All notices, requests or demands to a party hereunder shall be in writing and shall be given or served upon the other party by personal service, by certified return receipt requested or registered mail, postage prepaid, or by Federal Express or other nationally recognized commercial courier, charges prepaid, addressed as set forth below. Any such notice, demand, request or other communication shall be deemed to have been given upon the earlier of personal delivery thereof, three (3) business days after having been mailed as provided above, or one (1) business day after delivery through a commercial courier, as the case may be. Notices may be given by facsimile and shall be effective upon the transmission of such facsimile notice provided that the facsimile notice is transmitted on a business day and a copy of the facsimile notice together with evidence of its successful transmission indicating the date and time of transmission is sent on the day of transmission by recognized overnight carrier for delivery on the immediately succeeding business day. Each party shall be entitled to modify its address by notice given to the other party.

To Buyer:                                    To Seller:

PETER KAI CHUEN CHIU                         WILFRED LEUNG and AMY W. LI
RITA SHUET KUEN CHIU                         LAI HUNG LI and PETER YAO LIANG
2533 Farrier Court                           3030 Kirkham Street
Santa Rosa, CA 95401                         San Francisco, CA 94122

## ASSIGNMENT PROHIBITED

24. Neither Buyer nor Seller shall assign any right or interest arising under this Contract without the prior written consent of the other.

## BINDING ON HEIRS

25. This Contract shall be binding on and shall inure to the benefit of the heirs, executors, administrators, successors, and assigns of Buyer and Seller. The liability of each party constituting Seller shall be both joint and several.

## GOVERNING LAW

26. This Contract shall be governed by and construed in accordance with the laws of the State of California.

Executed on the date set forth above.

SELLER:                                      BUYER:

_____              _____
PETER KAI CHUEN CHIU                         WILFRED LEUNG

_____              _____
RITA SHUET KUEN CHIU                         AMY W. LI

                                             _____
                                             LAI HUNG LI

                                             _____
                                             PETER YAO LIANG

## EXHIBIT A - EQUIPMENT

| Description | Quantity |
|---|---|
| Cooking Stoves | 7 |
| Meat Cutter / Shredder | 1 |
| Mixer | 1 |
| Freezer | 1 |
| Walk-In | 1 |
| File Cabinet | 1 |
| Dishes and other cooking wares | |

## EXHIBIT A-1 - FURNITURE

| Description | Quantity |
|---|---|
| Chairs | 80 |
| Tables | 23 |
| Office Table | 1 |
| Table Cloths | 23 |