UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAREN HEATHERLY, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ILINKHOBBY, INC, et al.,<br><br>　　　　Defendants. | Case No.  13-cv-03190-JSC<br><br>**ORDER DENYING DEFENDANT ILINKHOBBY'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 70 |

　　　Now pending before the Court is Defendant Ilinkhobby's motion for leave to file a motion for reconsideration of the Court's November 6, 2015 Order denying Ilinkhobby's Motion for Summary Judgment and granting Defendants Peter Kai Chuen Chiu and Rita Shuet Kuen Chiu's ("the Chius") Motion for Summary Judgment. (Dkt. No. 67.) For the reasons stated below, Ilinkhobby's motion is DENIED.

　　　"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

　　　In its Order, the Court rejected Ilinkhobby's express indemnity claim premised on paragraph 2 of the lease. (Dkt. No. 67 at 8-9). The Court's holding was based on the plain language of paragraph 2 which, the Court held, did not apply to the facts in the record. (*Id.* at 8.) The Court noted that instead paragraph 9 of the lease "governs the at-issue ADA barriers" and that neither Ilinkhobby nor the Lis had even addressed paragraph 9 in their briefs. (*Id.* at 8-9.)

Ilinkhobby contends that its briefs did address paragraph 9 and that the Court committed clear legal error by failing to address its argument that under California law a lessor cannot assign liability for compliance with the ADA absent an explicit assumption of that duty.

The Court is unpersuaded. First, Ilinkhobby's motion for reconsideration does not identify where in any of its briefs it refers to paragraph 9 of the lease. They do not. Instead, Ilinkhobby argued that paragraph 2 placed the responsibility for ADA barrier removal on the Lessor (Dkt. No. 38 at 14-15) and that California law requires the landlord to ensure leased premises are in compliance with the law "unless explicitly assumed by the tenant in a written agreement," citing *Glen R. Sewell Sheet Metal, Inc. v. Loverde*, 70 Cal. 2d 666, 672 (1969). (*Id.* at 14.) Ilinkhobby never addressed paragraph 9, let alone why it does not constitute an explicit assignment of the duty to comply with all federal laws to the Lessee (here, the Lis[1] who the parties have treated as interchangeable with Ilinkhobby). Rather, Ilinkhobby argued that paragraph 2 "explicitly confirms that the [Lessor] retained their duty to bring the property into compliance with the particular law at issue here, the ADA." (*Id.* at 14:22-24.) For this reason alone Ilinkhobby's motion for reconsideration must be denied.

Second, to the extent Ilinkhobby intended to argue that *Glen r. Sewell Sheet Metal* defeats paragraph 9, the Court disagrees. In *Sewell*, the California Supreme Court noted "the general rule [] that a lessee's unqualified covenant to comply with applicable laws, standing alone, does not constitute an assumption of the duty to comply with those laws that require curative actions of a 'substantial' nature." *Id.* at 674. If the curative actions are "substantial," the court must look beyond the language of the covenant to repair to ascertain the parties' intent as to which of them, landlord or tenant, had assumed the risk of such repairs. *Id.* at 675. In *Sewell*, the court concluded that given the covenant and the additional obligations assumed by the lessor under the lease agreement, the responsibility to comply with other laws—namely, the county's order to connect the septic system to the public sewer—lay with the lessee. The lessee "took the premises 'as is,'

---

[1] The "Lis" are third-party defendants Wilfred Leung, Amy W. Li, Peter Yao Liang and Lai Hung Li to whom the Chius leased the premise wherein Ilinkhobby operates the restaurant, the New China Restaurant.

2

relieved the [lessor] of the duty to repair or maintain the improvements, agreed to indemnify them for any liability arising out of his use of the premises, and assumed the duty of compliance with all laws respecting the premises." *Id*. at 676.  The court also considered the nature of the lessee's use of the property and any doubt that the lessee had agreed to assume the risks of compliance and repair was dispelled, "by a consideration of the character of the premises involved." *Id*. at 675. Thus, for a lease agreement for a trailer park, "one who intends to operate a trailer park must know that laws respecting and regulating such facilities would be of primary importance to him and would be those most obviously included in a clause requiring compliance with all applicable laws." *Id*. at 676.

Paragraph 9 of the lease allocates responsibility for compliance with federal, state, and county laws to the Lessee.  (Dkt. No. 52-1 at 5.[2])  Under *Sewell* and its progeny, this allocation of responsibility is accepted at face value unless the curative actions (here, remediation of the access barriers) are substantial in nature.  *Id*. at 674; *Brown v. Green*, 8 Cal. 4th 812, 823 (1994). Ilinkhobby's motion fails as it has made no effort to satisfy even this threshold question.  Indeed, neither Ilinkhobby in its motion for summary judgment, nor the Lis in opposing the Chiu's motion for summary judgment argued that the cost of compliance here was substantial.  Nor has Ilinkhobby contended as much in seeking reconsideration.  Perhaps this is because such an argument would be unavailing as the cost of compliance was $6,700, only slightly more that the monthly lease amount of $6,000.  (*Compare* Dkt. No. 53 at ¶¶ 4-7 and Dkt. No. 53-3 *with* Dkt. No. 40-4.)  In contrast, the cost of the repair at issue 45 years ago in *Sewell* was $7,500 compared to a monthly rental of $725.  *See Glenn R. Sewell Sheet Metal, Inc. v. Loverde*, 70 Cal. Rptr. 132, 133 (Ct. App. 1968) *vacated*, 70 Cal. 2d 666 (1969).

Even if the Court were to conclude that this amount were substantial, the totality of circumstances under the lease agreement here would mandate a finding that the responsibility lies with the Lessee as in *Sewell*.  The lease includes a specific allocation of the costs of compliance, Ilinkhobby intended to operate the business as a restaurant, i.e., a place of public accommodation,

---

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1 which it either knew or should have known was subject to the requirements of the ADA, and the
2 sale agreement between the Chius and Ilinkhobby (for operation of the restaurant at issue) states
3 that the buyer accepts the "premises and equipment which Buyer [Ilinkhobby] is leasing from
4 Seller [the Chius]" as is and did so after "carefully inspect[ing] [it] for the purposes for which
5 Buyer [Ilinkhobby] intends." (Dkt. No. 52-2 at ¶ 21.) Thus, just as in *Sewell*, the responsibility
6 for ADA compliance under the assumption of responsibility covenant of the lease was assumed by
7 Ilinkhobby/the Lis as the Lessee.

8 Accordingly, Ilinkhobby's motion for leave to file a motion for reconsideration is
9 DENIED. Ilinkhobby has failed to demonstrate clear error with respect to the Court's decision
10 denying its motion for summary judgment and granting the Chius' motion for summary judgment.

11 This Order disposes of Docket No. 70.

12 **IT IS SO ORDERED.**

13 Dated: November 17, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge